**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR220** |
| Plaintiff, | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **KATHLEEN PETERS,** | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the government's objections thereto (Filing No. 31).  *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.  The objections are discussed below.

*U.S.S.G. § 3B1.3 - Abuse of Position of Trust*

The government argues that the enhancement under § 3B1.3 for abuse of a position of public or private trust should apply in this situation in which the Defendant was a representative payee for her two children of social security survivor benefits.  The objection was submitted initially to the probation officer, whose response is contained in the Addendum to the PSR.  The probation officer interprets § 3B1.3 as primarily limited to a business or employment situation.  However, in *United States v. Shevi,* 345 F.3d 675 (8th Cir. 2003), the enhancement was applied in a situation involving a trustee of social security benefits received by the defendant's niece and nephew.  *Id.* at 680.  In that case, the Eighth Circuit reasoned that the relationship was more than "'nonbusiness'" or "'purely familial.'"  *Id.*  The defendant, as trustee, had "substantial discretion to invest or spend

those funds," enabling him to embezzle the money and make detection of the offense more difficult.  *Id.*  The Eighth Circuit summed up its position, stating that "a relative with [a] degree of control over finances *may* occupy a position of private trust."  *Id.*

Therefore, the objection will be heard at sentencing.  The government bears the burden of proof by a preponderance of the evidence.

### *U.S.S.G. 3A1.1(b) - Vulnerable Victim*

The government argues in favor of the application of this enhancement.  The objection will be heard at sentencing, and the government bears the burden of proof by a preponderance of the evidence.

IT IS ORDERED:

1. The government's objections to the Presentence Investigation Report (Filing No. 31) will be heard at sentencing;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.     Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 10th day of December, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge